UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

In the Matter of the Application of
SALEEN, INC.,

                            Petitioner,

for an Order Staying and Enjoining the
Arbitration Commenced by RONALD WADE,        1:06-CV-1004
                                                                 (LEK/RFT)
                            Respondent,

pursuant to the Lemon Law Arbitration Program
Regulations Promulgated by the ATTORNEY
GENERAL OF THE STATE OF NEW YORK.
_____

## MEMORANDUM AND ORDER

### *I. Background*

Respondent Ronald Wade ("Respondent" or "Wade"), initially brought the underlying action as a Petitioner pursuant to New York's "Lemon Law", General Business Law §§ 198-a & 198-b, in which an arbitration proceeding is now scheduled for August 31, 2006. See Petition for Order to Show Cause (Dkt. No. 1). Wade purchased a luxury automobile manufactured by present-Petitioner Saleen, Inc. ("Petitioner" or "Saleen") - a red, 2004 Saleen S7, with a price tag of approximately $415,000.00. See id. at ¶¶ 7-9. Wade claims that the automobile is a "lemon", and seeks arbitration and damages under New York law. Petitioner Saleen seeks an Order of this Court, *inter alia*, staying the arbitration proceedings. Id.

Wade is a resident of the State of Oregon, while Saleen is a corporation incorporated under the laws of California, and with its principal place of business located in California. Id. at ¶¶ 2-3. Wade apparently purchased his automobile through a broker, Manhattan Motors, of Manhattan,

1

New York. But, the car did not enter New York, no New York taxes were paid, the car has never been registered in New York, the parties did not contract in New York, and Wade took possession of the car in California. See id. at ¶¶ 21-30. Furthermore, Manhattan Motors is not a party to this lawsuit, having not been sued by Wade in the underlying action. Id. at ¶¶ 9, 42. Thus, there appear to be no significant connections with this forum.[1]

Saleen claims that this Court may exercise jurisdiction in this matter pursuant to diversity (28 U.S.C. § 1332), and federal question jurisdiction (28 U.S.C. § 1331) deriving from the Federal Arbitration Act ("FAA"); and that venue is appropriate because the arbitration proceeding that it seeks to stay and enjoin is set to be held within this District, at Lake Placid. Id. at ¶¶ 4-5, 45-46. Petitioner Saleen argues, in part, that this Court must make the threshold decisions of whether the automobile qualifies as a "motor vehicle" and whether Wade's claims are eligible for arbitration under New York's Lemon Law. Id. at ¶¶ 47-48. However, Petitioner has also stated that, under the Lemon Law and relevant regulations, the Attorney General of the State of New York reviews consumer requests for arbitration, "for completeness and eligibility", and either accepts or rejects the requests. Id. at ¶¶ 11-14. If a request is accepted - as was the request in this matter - the consumer (herein Wade) pays a fee, and the request is assigned a number and set for arbitration. Id. at ¶ 15. Therefore, this Court construes Petitioner's arguments - that this Court should stay the arbitration and find Wade's claims not eligible for arbitration - as requesting that this Court review

---

[1] The Court does note Petitioner Saleen's acknowledgment that, upon Petitioner's information and belief, Wade communicated with Manhattan Motors in New York by use of telephone, Internet, or mail. But, among other things, Wade never came to New York, no contract was made in New York, and no contract was to be performed in New York. See Petition for Order to Show Cause (Dkt. No. 1) at ¶¶ 27-28. It appears that Manhattan Motors served as nothing more than a "middle-man", connecting Wade from Oregon with exotic car manufacturer Saleen in California. If there was any contact with the New York forum, it appears to have been incidental.

2

and overturn the State Attorney General's initial determination of arbitration eligibility, and, in addition, make preliminary findings interpreting issues of purely State law.

However, the Court instead finds that because of the nature of the relief Petitioner Saleen seeks in the Order to Show Cause, venue is not proper in this District, and, furthermore, this Court will not hear and decide this matter of purely State law - thus, abstaining.

## II. Discussion

Put succinctly, the Lemon Law has not been found to have been pre-empted by Federal law in those cases where it has been challenged. See, generally, Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. Abrams, 899 F.2d 1315 (2d Cir. 1990); General Motors Corp. v. Abrams, 897 F.2d 34 (2d Cir. 1990). In addition, courts have found that "[a] party to an arbitration may come to Federal Court to obtain a stay of arbitration only when there is some basis for Federal jurisdiction independent of the Federal Arbitration Act.... [T]he Federal Arbitration Act... does not provide a basis for invoking federal jurisdiction." In re Oxford Med. Group, P.C. v. Vossoughian, 162 F. Supp. 2d 234, 235 (S.D.N.Y. 2001) (citing Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 269 (2d Cir. 1996)). Thus, the FAA does not create independent federal question jurisdiction where none otherwise exists.

On the present Motion for an Order to Show Cause, the Court is not considering a stay of an action pending arbitration - which this Court could grant absent any power to compel arbitration itself. See, generally, 3 FED. PROC., L. ED. § 4:32 (2006) (citing, *inter alia*, Shanferoke Coal & Supply Corp. v. Westchester Serv. Corp., 293 U.S. 449 (1935); Mgmt. Recruiters of Albany, Inc. v. Mgmt. Recruiters Int'l, Inc., 643 F. Supp. 750 (N.D.N.Y. 1986) (Munson, C.J.)). Furthermore, if

3

the arbitration arose from an arbitration agreement or provision in a contract, this Court might exercise authority under the FAA to compel arbitration. See Mgmt. Recruiters, 643 F. Supp. 750. But, Petitioner Saleen acknowledges that there is no arbitration agreement or contract at issue herein. See Petition for Order to Show Cause (Dkt. No. 1) at ¶ 39. And, again, in this matter the Court has been asked to interpret a State statute pursuant to State law and practice; in effect review and reverse an administrative decision of the New York State Attorney General; and stay a State arbitration proceeding itself.

Even if this Court found itself to have diversity jurisdiction - since the parties are from different states (albeit none of those states being New York), and the amount in controversy exceeds $75,000 - this Court would likely transfer this case for improper venue/forum non conveniens, believing that venue in Oregon or California would be more appropriate - as, *inter alia*, none of the acts or occurrences took place in New York, and almost none of the actors or evidence involved are located in New York. See, generally, Daou v. Early Advantage, LLC, 410 F. Supp. 2d 82 (N.D.N.Y. 2006) (Kahn, D.J.) (discussing venue and forum non conveniens considerations). But, transfer would still leave open the issue of the interpretation of New York's Lemon Law, and review of the Attorney General's decision.

As the Court understands the issues, this case presents a quagmire. The Court recognizes that even if diversity jurisdiction permits this Court to hear the matter, abstention is appropriate in that this Court will decline to "disrupt a state administrative process... [and] otherwise create needless friction by unnecessarily enjoining state officials from executing domestic policies." Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 189 (1959) (citations omitted). This Court, as a matter of comity and respect for the New York State system, and in its sound discretion,

recognizes the independence of New York's laws and procedures, and will abstain and refuse to consider the matter at bar. See, inter alia, Burford v. Sun Oil Co., 319 U.S. 315 (1943). This Court believes itself to be in a position similar to that of the Burford Court -

> Federal court involvement in *Burford* was undue or inappropriate because the plaintiffs sought federal review (on largely state law claims) as a means to avoid an order issued pursuant to a constitutionally sound administrative scheme. As the Court has explained, "[t]he constitutional challenge [in *Burford*] was of minimal federal importance, involving solely the question of whether the commission had properly *applied* Texas' complex oil and gas conservation regulations."... Burford abstention avoids [the danger of] creating an opportunity to overturn a prior state court or agency determination by seeking federal court review, thereby disrupting a state administrative apparatus....

Dittmer v. County of Suffolk, 146 F.3d 113, 117 (2d Cir. 1998) (emphasis in original; although finding Burford and Colorado River abstention not to be warranted, the Dittmer Court discusses the position of the Burford Court, and relevant considerations for abstention) (citing and quoting, *inter alia*, New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 360 (1989)). In the instant matter, the Court has considered the relevant factors as set forth in Dittmer, 146 F.3d at 116 (citing and quoting New Orleans Pub. Serv.), and finds abstention is appropriate.

Indeed, New York State provides clear legal avenues for appeal and review of administrative decisions, and for interpretation of questions of purely State law - and New York's courts are duly vested with power to review and correct wrongs. In fact, Petitioner cites a fair amount of State case law in the Memorandum of Law accompanying the request for the Order to Show Cause, thus seemingly recognizing that the State courts have passed judgment on Lemon Law and arbitration issues - and, indeed, those courts may be the better fora for this action.

Therefore, this Court denies Petitioner's Petition for an Order to Show Cause.

### *III. Conclusion*

Based on the foregoing discussion, it is hereby

**ORDERED**, that Petitioner's Petition for an Order to Show Cause, and for a stay of the arbitration proceeding (Dkt. No. 1) is **DENIED**; and it is further

**ORDERED**, that this matter is **DISMISSED**, as this Court will abstain and refuse to consider the matter at bar, as the case is not properly before this Court; and it is further

**ORDERED**, that the Clerk of the Court **CLOSE Case Number 1:06-cv-1004(LEK/RFT)**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:     August 22, 2006
           Albany, New York

HONORABLE LAWRENCE E. KAHN
United States District Judge